UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IMMERVISION, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>APPLE, INC.<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiff ImmerVision, Inc. ("ImmerVision"), by and through its undersigned counsel, files this Complaint against Defendant Apple, Inc. ("Apple" or "Defendant"), and alleges as follows:

## **NATURE OF ACTION**

1. This is an action for patent infringement against Defendant for its infringement of U.S. Patent No. 6,844,990 (the "Asserted Patent" or "the '990 Patent") and for breach of a Mutual Confidentiality Agreement and violation of the Defend Trade Secrets Act.

## **PARTIES**

2. Plaintiff ImmerVision is a Canadian corporation having a principal place of business at 2020 Robert-Bourassa Boulevard, Suite 2320, Montreal, Quebec H3A 2A5, Canada.

3. On information and belief, Defendant Apple is a California corporation, with a regular and established place of business at 125 Christiana Mall, Newark, DE 19702.

## **JURISDICTION AND VENUE**

4. This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq*., and in particular, 35 U.S.C. §§ 271 and 281-285; the Defend Trade Secrets act, codified at 18 U.S.C. § 1836; and the laws of the State of Delaware.

5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332(a)(2), 1338(a), and 1367.

6.     This Court has personal jurisdiction over Apple because, on information and belief, Apple has committed acts of infringement in and from this Judicial District and continues to commit acts of infringement in and from this Judicial District.  The Court also has personal jurisdiction over Apple because the Governing Law provision the Parties agreed to in the Confidentiality Agreement specifies that the confidentiality provisions of that Agreement will be enforceable under the Delaware Uniform Trade Secrets Act.  The Court further has personal jurisdiction over Apple because complete diversity exists among the parties and the amount in controversy exceeds $75,000.

7.     Venue in this District is proper over Apple with respect to the patent infringement Count under 28 U.S.C. § 1400(b) because, on information and belief, Apple has committed acts of infringement and has a regular and established place of business in this District.  Venue is proper over Apple in this District with respect to all other Counts pursuant to 28 U.S.C. § 1391(b) because the Governing Law provisions the Parties agreed to in the Confidentiality Agreement specify that Delaware law will apply and Apple profits from sales of the Accused Products made in this District.

## FACTS

8.     Plaintiff ImmerVision is the worldwide leader in wide angle imaging. ImmerVision licenses its patented optical and software technology to global lens producers, product manufacturers and software developers for wide angle panomorphic lenses, imaging and solutions.  ImmerVision also consults with other companies for the purpose of designing optical lenses and systems and has a history of manufacturing and selling wide angle panomorphic lenses.

2

9.      On November 12, 2003, Jean-Claude Artonne, Christophe Moustier, and Benjamin Blanc ("the Inventors") filed U.S. Patent Application No. 10/706,513 ("the '513 Application") entitled "Method for Capturing and Displaying a Variable Resolution Digital Panoramic Image."

10.     The '513 Application claims priority to International Patent Application No. PCT/FR2002/001588, filed May 10, 2002, and French Patent Application No. 0106261, filed May 11, 2001.

11.     In November and December, 2003, the Inventors assigned their interest in and to the '513 application and all divisionals, continuations, substitutes, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to ImmerVision and the assignment was recorded in the United States Patent and Trademark Office ("PTO") on March 15, 2004 at Reel 015071, beginning at Frame 0574.

12.     On January 18, 2005, the '990 Patent was issued by the PTO based on the '513 Application.  A true and correct copy of the '990 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

13.     On November 26, 2014, Plaintiff filed an *ex parte* reexamination proceeding regarding claims 1-4, 6, 7, 10, 11, 15-20, 22, 23, and 25 of the '990 patent.

14.     On May 8, 2015, the PTO issued a reexamination certificate confirming the patentability of claims 2-4, 10, 11, 15, 16, and 27-47 of the '990 Patent and further noting that claims 5, 8, 9, 12-14, 21, 24, and 26 were not reexamined.  A true and correct copy of the reexamination certificate is attached hereto as pages 25-27 of Exhibit A and is incorporated by reference as if fully set forth herein.

15.     The '990 Patent is valid and enforceable.  The term of the '990 Patent will expire on or about May 10, 2022.

16.     Plaintiff ImmerVision possesses all rights of recovery under the '990 Patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

17.     Upon information and belief, for all times relevant to this Complaint, Defendant has been making, using, selling, or offering to sell products covered by at least claim 32 of the Asserted Patent.  By way of example, these products include, but are not limited to, the Apple iPhone 12, 12 Mini, 12 Pro, 12 Pro Max, 13, and 13 Mini smartphones and the iPad Pro 2021 tablet ("the Accused Products").

18.     Beginning at least as early as November 25, 2013, Apple has repeatedly solicited ImmerVision for information regarding ImmerVision's proprietary panomorph wide-angle lenses, including how to design such a lens.

19.     On June 17, 2014, ImmerVision and Apple (the "Parties") executed a Mutual Confidentiality Agreement for the purpose of "Apple's evaluation or use of [ImmerVision's] goods, services, intellectual property, or technology in, or in connection with the development, design, production, or support of Apple products, Apple technologies, or Apple services…."  A true and correct copy of the Mutual Confidentiality Agreement is attached hereto as Exhibit B.

20.     The Mutual Confidentiality Agreement restricts the disclosure of confidential information for ten years from the date the confidential information was first disclosed by one Party to the other.

21.     The Mutual Confidentiality Agreement has not expired or otherwise been cancelled or invalidated.

4

22.     Under the Mutual Confidentiality Agreement, Apple received numerous sample panomorph lenses and camera modules from ImmerVision, as well as detailed specifications regarding how to design panomorph lenses.

23.     Upon information and belief, Apple used the confidential, proprietary, trade secret information received from ImmerVision under the Mutual Confidentiality Agreement to design the lenses in what it refers to as the "ultra wide camera" found in each of the Accused Products.

## COUNT I – INFRINGEMENT OF THE '990 PATENT

24.     Plaintiff ImmerVision realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     The claims of the '990 Patent are presumed valid pursuant to 35 U.S.C. § 282.

26.     Upon information and belief, Defendant has been and is currently infringing at least claim 32 of the '990 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, selling, offering to sell, or importing into the United States, without license or authority, at least the Accused Products.  The iPhone 12 Pro and 13 and iPad Pro 2021 infringe claim 32 of the '990 Patent as shown in Exhibits C-E.

27.     Upon information and belief, the iPhone 12 Mini, 12, and 12 Pro Max contain the same ultra wide lens apparatus as the iPhone 12 Pro as shown, for example, in the publicly available information in Exhibit F.

28.     Upon information and belief, the iPhone 13 Mini contains the same ultra wide lens apparatus as the iPhone 13 as shown, for example, in the publicly available information in Exhibit G.

29.     As a result of Defendant's infringement of at least claim 32 of the '990 Patent, Plaintiff ImmerVision has been damaged to an extent not yet determined.

30.     Plaintiff ImmerVision is entitled to monetary damages adequate to compensate it for infringement by Defendant of claim 32 of the '990 Patent, together with interest, costs, and attorneys' fees.

## COUNT II - BREACH OF CONTRACT

31.     ImmerVision hereby repeats and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

32.     The Mutual Confidentiality Agreement is and has been for all times relevant to this Complaint, a valid and enforceable contract between ImmerVision and Apple.

33.     Apple breached the Mutual Confidentiality Agreement by using ImmerVision's confidential information and knowhow for purposes other than those allowed under the Mutual Confidentiality Agreement, namely in designing the lenses in the ultra wide angle cameras in the Accused Products.

34.     ImmerVision has performed all conditions, covenants, and promises required by the Mutual Confidentiality Agreement.

35.     ImmerVision seeks damages incurred as a result of Apple's breach of the Mutual Confidentiality Agreement. ImmerVision's damages include at least damages sufficient to compensate ImmerVision for the use of its confidential information in any Apple product sold in any country and are in excess of $75,000, exclusive of interest and costs, with the specific amount subject to further evaluation and calculation.

## COUNT III - VIOLATION OF THE DEFEND TRADE SECRETS ACT - 18 U.S.C. § 1836

36.     ImmerVision hereby repeats and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

37.     ImmerVision's Confidential Information, as described herein, constitutes trade secrets of ImmerVision.

38.     ImmerVision protects its trade secrets from disclosure at least through the use of non-disclosure agreements, such as the Mutual Confidentiality Agreement.

39.     Apple obtained these trade secrets under the Mutual Confidentiality Agreement, as described above.

40.     Apple improperly used these trade secrets for purposes other than those set forth in the Mutual Confidentiality Agreement by incorporating those trade secrets into the design of the lenses in what it refers to as the "ultra wide camera" in the Accused Products.

41.     Apple's improper use of the trade secrets occurred in interstate commerce.

42.     ImmerVision has been damaged in an amount to be determined at trial through Apple's improper use of its trade secrets.  ImmerVision's damages include at least damages sufficient to compensate ImmerVision for the use of its trade secrets in any Accused Product.

**JURY DEMAND**

43.     Plaintiff hereby demands a jury trial on all issues triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ImmerVision prays for judgment in its favor and against Defendant Apple Inc. for the following:

(a)     A judgment that Defendant has infringed at least claim 32 of the '990 Patent;

(b)     An award to Plaintiff ImmerVision of damages that are adequate to fully compensate it for Defendant's infringement of the '990 Patent from the date of this Complaint through the expiration of the '990 Patent;

(c)     A permanent injunction enjoining Defendant and those in active concert or participation with Defendant from infringing the '990 Patent;

(d)     A finding that this case is exceptional and award Plaintiff ImmerVision reasonable attorneys' fees in this action;

(e)     Any damages suffered by ImmerVision for Apple's breach of contract and misuse of trade secrets;

(f)     Any profits earned by Apple through use of ImmerVision's Confidential Information and/or trade secrets;

(g)     Exemplary damages in an amount double that of any damages awarded for Apple's misuse of ImmerVision's trade secrets;

(h)     An order permanently enjoining and restraining Apple and those in active concert and participation with Apple from further using and/or disclosing ImmerVision's Confidential Information for purposes not set forth in the Mutual Confidentiality Agreement;

(i)     ImmerVision's costs in connection with this action;

(j)     ImmerVision's attorneys' fees in connection with this action due to Apple's willful and malicious use of ImmerVision's trade secrets;

(k)     Prejudgment interest according to proof; and

(l)     An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: December 8, 2021

PANITCH SCHWARZE BELISARIO &
NADEL LLP

*/s/ John D. Simmons*
John D. Simmons (#5996)
Dennis J. Butler (#5981)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6030
Facsimile:  (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com

***Counsel for Plaintiff ImmerVision, Inc.***