IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMMERVISION, INC., | ) | |
| Plaintiff, | ) ) ) | C.A. No. 21-1484-MN-CJB |
| v. | ) ) ) | |
| APPLE, INC. | ) ) ) | |
| Defendant. | ) | |
| IMMERVISION, INC., | ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 21-1570-MN-CJB |
| v. | ) ) ) | |
| APPLE, INC. | ) ) ) | |
| Defendant. | ) | |
| IMMERVISION, INC., | ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 21-1733-MN-CJB |
| v. | ) ) ) | |
| APPLE, INC. | ) ) ) | |
| Defendant. | ) | |

**JOINT PROPOSED SCHEDULING ORDER**

This  21st  day of  June , 2022, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on   N/A  , 2022, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.  The above-captioned actions shall be consolidated for discovery and all purposes up to, but not including, trial. Such consolidation is made without prejudice to, and without waiver of, any party's position regarding whether or not the cases should be tried separately. Such consolidation is also made without prejudice to, and without waiver of, any party's position regarding whether or not one or all cases should be stayed if *Inter Partes* Review is instituted on one or more claims of any of the Asserted Patents.

2.  **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days after the Rule 16 Conference. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (https://www.ded.uscourts.gov/judge/magistrate-judge-christopher-j-burke) under the "Guidelines" tab, and is incorporated herein by reference. Within thirty (30) days after the Rule 16 Conference, counsel should concern and attempt to reach an agreement on a proposed form of order regarding discovery including discovery of electronically stored information. Should counsel be unable to reach an agreement on a proposed form of order, the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information incorporated herein by reference will apply to this matter.

3.  **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before May 22, 2023.

4.  **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.   **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must

demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6.  **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

7.  **Disclosures**. Absent agreement among the parties, and approval of the Court:

    a.  If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either: (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than August 15, 2022, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than August 15, 2022. Plaintiff hereby represents that it is complying or has complied with this requirement.

    b.  By August 15, 2022, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

    c.  By September 30, 2022, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall produce sales figures for the accused product(s).

    d.  By November 1, 2022, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

  e. By December 8, 2022, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

  f. By September 25, 2023, or 30 days after the Court issues a claim construction ruling, whichever is later, Plaintiff shall provide final infringement contentions.

  g. By October 25, 2023, or 60 days after the Court issues a claim construction ruling, whichever is later, Defendant shall provide final invalidity contentions

  h. Within 30 days of the Court's claim construction order, Plaintiff shall reduce the number of asserted claims to a triable limit. Within 30 days of receiving Plaintiff's reduced set of claims, Defendant shall reduce the number of prior art references at issue to a triable limit. Should the parties disagree on the appropriate limits, after making good-faith efforts to resolve their differences, they shall jointly raise the issue with the Court.

8. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

  a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before December 15, 2023.

  b. Document Production. Document production shall be substantially complete by March 31, 2023.

  c. Requests for Admission. Apart from requests relating to the authenticity of documents produced in the case, a maximum of thirty (30) requests for admission are permitted for each side.

  d. Interrogatories.

   i. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

      ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions.</u>

      i.    <u>Limitation on Hours for Deposition Discovery.</u> Deposition upon oral examination, including that of any third-party witnesses but excluding that of each party's experts, shall be governed by the limits set forth in Rule 30 of the Federal Rules of Civil Procedure.

      ii.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. In light of the on-going COVID-19 pandemic and unless otherwise agreed-to by the parties, the parties agree to conduct all depositions remotely.

    f.    <u>Disclosure of Expert Testimony.</u>

      i.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 26, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 26, 2024. Reply expert reports from the party with the initial burden of proof are due on or before March 26, 2024. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with

the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition, which shall be completed by April 26, 2024.

          ii.      <u>Expert Report Supplementation.</u> The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

          iii.      <u>Objections to Expert Testimony.</u>

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

          g.      <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

          i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

          ii.      Should counsel find, after good faith efforts including verbal communication among Delaware and Lead Counsel for all parties to the dispute that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per

>party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
>Delaware Counsel:
>
>Lead Counsel:
>
>The disputes requiring judicial attention are listed below:
>
>[provide here a non-argumentative list of disputes requiring judicial attention]

    iii.    The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

    iv.    The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

    v.  Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    vi.  Should counsel find, after good faith efforts including verbal communication among Delaware and Lead Counsel for all parties to the dispute that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a
>
> teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel:
>
> Lead Counsel:
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

    vii.  The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

    viii.  The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should

9

include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

        ix.      Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.    **Motions to Amend**.

    a.    Any motion to amend a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

10.    **Motions to Strike**.

    a.    Any motion to strike any pleading or other document or testimony shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

11.    **Motions to Stay**.

      a.      Any motion to stay shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

12.    **Tutorial Describing the Technology and Matters in Issue**. The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the

opposing party's tutorial. Any such comment shall be filed no later than seven (7) days after the Joint Claim Construction Brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

13. **Claim Construction Issue Identification**. On December 22, 2022, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on February 15, 2023. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Deborah_Benyo@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

14. **Claim Construction Briefing**. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before March 15, 2023. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before

April 17, 2023. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before May 1, 2023. Defendant shall serve, but not file, its sur- reply brief, not to exceed 10 pages, on or before May 15, 2023. No later than June 2, 2023, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]
1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

B. [TERM 2]
1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

15. **Hearing on Claim Construction**. Beginning at 11:00 a.m. on July 27, 2023, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court

13

will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

16. **Interim Status Report**. On August 7, 2023, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

17. **Supplementation**. Absent agreement among the parties, and approval of the Court, no later than August 24, 2023, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

18. **Case Dispositive Motions**.

    a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **May 31, 2024**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    b. Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s)

to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

   c. <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[1]

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

19. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

20. **Motions *in Limine***. Motions *in Limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to six (6) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21. **Pretrial Conference**. On **October 21, 2024**, the Court will hold a pretrial conference in Court with counsel beginning at 4:30 p.m. EDT. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

22. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

23. **Trial**. This matter is scheduled for a 7 day jury trial beginning at 9:30 a.m. on **October 28, 2024**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

24. **Judgment on Verdict and Post-Trial Status Report**. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

25. **Post-Trial Motions**. Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply

briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

| EVENT | PROPOSED DEADLINE |
|---|---|
| Parties serve initial disclosures. | 30 days after Rule 16 Conference |
| Parties submit proposed form of discovery order (or in the alternative, the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information will apply to this matter) and proposed joint protective order. | 30 days after Rule 16 Conference |
| Plaintiff produces licenses and/or settlement agreements, or if necessary, files proposed order(s). | August 15, 2022 |
| Plaintiff serves identification of accused products and asserted patents, including file history for each patent. | August 15, 2022 |
| Defendant produces core technical documents, including sales figures for the accused products. | September 30, 2022 |
| Plaintiff serves initial infringement contentions. | November 1, 2022 |
| Defendant serves initial invalidity contentions. | December 8, 2022 |
| Parties exchange claim terms for construction. | December 22, 2022 |
| Parties file joint claim construction chart. | February 15, 2023 |
| Plaintiff serves opening claim construction brief. | March 15, 2023 |
| Parties to substantially complete document production. | March 31, 2023 |
| Defendant serves answering claim construction brief. Parties can provide comments to the opposing technical tutorials. | April 17, 2023 |
| Plaintiff serves reply claim construction brief. | May 1, 2023 |
| Defendant serves sur-reply claim construction brief. | May 15, 2023 |
| Deadline to join parties or amend or supplement pleadings. | May 22, 2023 |
| Parties file joint claim construction brief. | June 2, 2023 |
| Deadline for parties to submit technology tutorials | June 2, 2023 |
| Parties file comments to technology tutorials. | June 9, 2023 |
| Claim construction hearing. | July 27, 2023, at 11:00 a.m. |
| Parties file interim status report. | EDT August 7, 2023 |
| Parties serve final supplement of identification of all accused products and all invalidity references. | August 24, 2023 |
| Deadline for parties to reduce claims to a triable limit | 30 days after Court's claim construction order |
| Deadline for parties to reduce number of prior art references to a triable limit | 60 days after Court's claim construction order |
| Plaintiff serves final infringement contentions. | September 25, 2023, or 30 days after the Court issues a claim construction ruling, whichever is later |
| Defendant serves final invalidity contentions. | October 25, 2023, or 60 days after the Court issues a claim construction ruling, whichever is later |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Close of fact discovery. | December 15, 2023 |
| Party with initial burden of proof serves opening expert reports. | January 26, 2024 |
| Opposing parties to serve rebuttal expert reports. | February 26, 2024 |
| Parties serve reply expert reports. | March 26, 2024 |
| Deadline for parties to provide dates for expert depositions. | April 26, 2024 |
| Earliest date parties may file case dispositive motions under Rule 56 without leave of the Court. | May 21, 2024 |
| Parties file case dispositive and *Daubert* motions. | May 31, 2024 |
| Parties file proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms. | October 1, 2024 |
| Parties file proposed final pretrial order to Court. | October 1, 2024 |
| Final pretrial conference. | October 21, 2024, at 4:30 p.m. |
| Trial to begin. | October 28, 2024 |
| Parties submit joint form of order to enter judgment on the verdict and joint status report as to how case should proceed, including any post-trial motions each party intends to file. | 7 days after Jury returns verdict |

10192989