UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IMMERVISION, INC. ) <br><br> *Plaintiff,* ) <br> v. ) <br> APPLE, INC. ) <br><br> *Defendant.* ) | Civil Action No. 1:21-cv-01733-MN-CJB <br><br> JURY TRIAL DEMANDED |

## FOURTH AMENDED COMPLAINT

Plaintiff ImmerVision, Inc. ("ImmerVision"), by and through its undersigned counsel, files this Fourth Amended Complaint against Defendant Apple Inc. ("Apple" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.     This is an action for inducement of patent infringement against Defendant regarding U.S. Patent No. 6,844,990 (the "Asserted Patent" or "the '990 Patent").

## PARTIES

2.     Plaintiff ImmerVision is a Canadian corporation having a principal place of business at 2020 Robert-Bourassa Boulevard, Suite 2320, Montreal, Quebec H3A 2A5, Canada.

3.     On information and belief, Defendant Apple is a California corporation, with a regular and established place of business at 125 Christiana Mall, Newark, DE 19702.

## JURISDICTION AND VENUE

4.     This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq.*, and in particular, 35 U.S.C. §§ 271 and 281-285.

5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Apple because, on information and belief, Apple has induced acts of infringement in and from this Judicial District and continues to induce acts of infringement in and from this Judicial District.

7.      Venue in this District is proper under 28 U.S.C. § 1400(b) because, on information and belief, Apple has induced acts of infringement from its regular and established place of business in this District.

**FACTS**

8.      Plaintiff ImmerVision is the worldwide leader in wide angle imaging. ImmerVision licenses its patented optical and software technology to global lens producers, product manufacturers, and software developers for wide angle panomorphic lenses, imaging, and solutions.  ImmerVision also consults with other companies for the purpose of designing optical lenses and systems and has a history of manufacturing and selling wide angle panomorphic lenses.

9.      On November 12, 2003, Jean-Claude Artonne, Christophe Moustier, and Benjamin Blanc ("the Inventors") filed U.S. Patent Application No. 10/706,513 ("the '513 Application") entitled "Method for Capturing and Displaying a Variable Resolution Digital Panoramic Image."

10.      The '513 Application claims priority to International Patent Application No. PCT/FR2002/001588, filed May 10, 2002, and French Patent Application No. 0106261, filed May 11, 2001.

11.      In November and December, 2003, the Inventors assigned their interest in and to the '513 application and all divisionals, continuations, substitutes, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to ImmerVision and the assignment

was recorded in the United States Patent and Trademark Office ("PTO") on March 15, 2004 at Reel 015071, beginning at Frame 0574.

12.    On January 18, 2005, the '990 Patent was issued by the PTO based on the '513 Application.  A true and correct copy of the '990 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

13.    On November 26, 2014, Plaintiff filed an *ex parte* reexamination proceeding regarding claims 1-4, 6, 7, 10, 11, 15-20, 22, 23, and 25 of the '990 patent.

14.    On May 8, 2015, the PTO issued a reexamination certificate confirming the patentability of claims 2-4, 10, 11, 15, 16, and 27-47 of the '990 Patent and further noting that claims 5, 8, 9, 12-14, 21, 24, and 26 were not reexamined.  A true and correct copy of the reexamination certificate is attached hereto as pages 25-27 of Exhibit A and is incorporated by reference as if fully set forth herein.

15.    The '990 Patent is valid and enforceable.  The term of the '990 Patent will expire on or about May 10, 2022.

16.    Plaintiff ImmerVision possesses all rights of recovery under the '990 Patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

17.    Apple had knowledge of the '990 Patent at least as early as October 22, 2021, due to the filing in this District of Civil Action No. 1:21-cv-01484-MN-CJB, which alleges infringement of the '990 Patent by Apple's iPhone 13 Pro and iPhone 13 Pro Max smartphones.

18.    Upon information and belief, for all times relevant to this Complaint, Defendant has also been inducing its customers to infringe at least claim 27 of the Asserted Patent by selling at least the Apple iPhone 12, 12 Mini, 12 Pro, 12 Pro Max, 13, and 13 Mini smartphones and the iPad Pro 2021 tablet ("the Accused Products").  Through the sale of the Accused

Products, Apple knows and encourages that its customers will obtain digital panoramic images through use of the "ultra wide" lens apparatus on the Accused Products and that those customers will use the Accused Products to display the obtained digital panoramic images.  The "ultra wide" lens apparatus on and the software within the Accused Products infringe at least claim 27 of the Asserted Patent in the configuration in which the Accused Products are sold, such that each use of the "ultra wide" lens apparatus on each of the Accused Products constitutes an act of infringement of the method of claim 27 of the Asserted Patent.

## COUNT I – INDUCED INFRINGEMENT OF THE '990 PATENT

19.    Plaintiff ImmerVision realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.    The claims of the '990 Patent are presumed valid pursuant to 35 U.S.C. § 282.

21.    Upon information and belief, the Accused Products infringe at least claim 27 of the '990 Patent, either literally or under the doctrine of equivalents, each and every time the "ultra wide" camera mode is used by any purchaser or user of an Accused Product.  The iPhone 12 Pro and 13 and iPad Pro 2021 infringe claim 27 of the '990 Patent as shown in Exhibits B-D.

22.    Upon information and belief, the iPhone 12 Mini, 12, and 12 Pro Max contain the same ultra wide lens apparatus as the iPhone 12 Pro as shown, for example, in the publicly available information in Exhibit E.

23.    Upon information and belief, the iPhone 13 Mini contains the same ultra wide lens apparatus as the iPhone 13 as shown, for example, in the publicly available information in Exhibit F.

24.    Apple has had knowledge of the '990 Patent at least since October 22, 2021.

4

25.     Apple has known that the Accused Products meet the limitations of claim 32 of the Asserted Patent since at least December 8, 2021, when this Action was initially filed, based on the allegations in the original Complaint in this Action.

26.     Asserted claim 27 of the '990 Patent has the same technical elements as claim 32.

27.     Apple intends for its customers to use the "ultra wide" camera mode of the Asserted Products as shown, for example, in the publicly available advertisements of the Accused Products shown in Exhibit G.

28.     Therefore, since at least October 22, 2021, Apple has been inducing its customers to infringe at least claim 27 of the Asserted Patent.

29.     Apple's inducement has been willful.  Apple has known about the Asserted Patent since at least October 22, 2021 and has intended for the users of each of the Accused Products to perform the infringing method since the first sale of each of the Accused Products.

30.     As a result of Defendant's inducement of infringement of at least claim 27 of the '990 Patent, Plaintiff ImmerVision has been damaged to an extent not yet determined.

31.     Plaintiff ImmerVision is entitled to monetary damages adequate to compensate it for Defendants' inducement of infringement of claim 27 of the '990 Patent, together with interest, costs, and attorneys' fees.

## JURY DEMAND

32.     Plaintiff hereby demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ImmerVision prays for judgment in its favor and against Defendant Apple Inc. for the following:

(a)     A judgment that Defendant has induced infringement of at least claim 27 of the '990 Patent;

(b)     A judgement that Defendant's inducement of infringement of the '990 Patent has been willful;

(c)     An award to Plaintiff ImmerVision of damages that are adequate to fully compensate it for Defendant's inducement of infringement of the '990 Patent from October 22, 2021 through the expiration of the '990 Patent, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d)     A finding that this case is exceptional and award Plaintiff ImmerVision reasonable attorneys' fees in this action;

(e)     ImmerVision's costs in connection with this action;

(f)     Prejudgment interest according to proof; and

(g)     An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: May 18, 2023

PANITCH SCHWARZE BELISARIO & NADEL LLP

*/s/ John D. Simmons*
John D. Simmons (#5996)
Dennis J. Butler (#5981)
Keith A. Jones (#7011)
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19803
Telephone: (302) 394-6030
Facsimile:   (215) 965-1331
jsimmons@panitchlaw.com
dbutler@panitchlaw.com
kjones@panitchlaw.com

***Counsel for Plaintiff ImmerVision, Inc.***